**STATE ex MACKO, Relator, v. WESTROPP, Judge etc., Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21875.   Decided May 1, 1950.

B. B. Murad, Cleveland, for relator.
Lee C. Howley, Director of Law, Robt. J. Seltzer, Asst. Director of Law, Cleveland, for respondent.

## OPINION

By SKEEL, PJ.

The Relator brings this cause as an original action in this Court, seeking a writ of mandamus directing the respondent to entertain a motion filed in the Municipal Court of Cleveland seeking a reduction of the amount of bail fixed by the respondent in a criminal action commenced in that Court against this relator.

The Relator was charged with the crime of automobile stealing, and upon such charge he came before the Respondent upon preliminary hearing on April 5, 1950. Upon hearing, the Respondent as Judge of the Municipal Court of Cleveland, found that there was probable cause to believe that the crime of automobile stealing had been committed and there was likewise probable cause to believe that Relator was guilty of such crime and committed the case to the Court of Common Pleas of Cuyahoga County for the consideration of the Grand Jury of said County.

After the hearing in the Municipal Court above set forth,

the transcript of the proceedings was filed with the Clerk of Common Pleas Court of Cuyahoga County, Criminal Branch, on April 13, 1950. Thereafter a motion was filed in the Municipal Court of Cleveland which was assigned for trial to this Respondent.

The Respondent as Judge of the Municipal Court of Cleveland refused to entertain said motion for the reason that said Court had lost jurisdiction of the Relator.

The sole question here present, is—whether, after a bind-over to the Common Pleas Court in a felony case, does the Municipal Court of Cleveland retain jurisdiction of such defendant to pass on a motion seeking a reduction of the amount of bail set at the time of such preliminary hearing?

The answer must be in the negative. Once a committing magistrate upon hearing or waiver of such hearing commits the defendant to the consideration of the Grand Jury of the County and the transcript of the case is filed with the Clerk of the Court of Common Pleas of the County, the Court of Common Pleas is then vested with jurisdiction to hear all preliminary matters that may thereafter arise such as a motion to reduce the amount of the bail fixed by the committing magistrate. It must logically follow that the jurisdiction of the Municipal Court of Cleveland of the person of such defendant, is, after the filing of such transcript, entirely lost.

In the case of **State of Ohio v. Morrow, 90 Oh St 202,** it was held:

"A case is pending in the common pleas court, within the meaning of the General schedule to the amendments of 1912 to the Constitution of Ohio, when there is filed in that court a transcript of the criminal docket of the examining magistrate by whom the accused has been committed to the jail of the county or recognized to appear before that court to answer the charge in the affidavit filed with such magistrate."

And on page 207 and 208 the court said:

"The prosecution was instituted according to the regular course of proceedings and the filing of the transcript from the docket of the justice of the peace in the common pleas court vested that court with jurisdiction to hear and determine all questions arising therein, independent of whether an indictment was returned, or otherwise. The return of the indictment is but an incident in the progress of the prosecution. The prosecution is commenced in the common

pleas court by filing the transcript from the magistrate's court."

For the foregoing reasons the writ is denied. Exc. Order see journal.

McNAMEE, J, HURD, J, concur.